## F. THOMPSON v. D. REED.

**Evidence—Facts as to wrongful Conversion of Property—Demurrer.**

     Facts in a petition as to money alleged to have been co-erced from the plaintiff and which may be denied by the answer, are questions for the consideration of the jury; and a demurer to the petition should have been over-ruled.

**Threats—Money Obtained by Co-ercion—Demurrer—Actions.**

     Money obtained from a plaintiff by threats to have his son arrested for an alleged offence, is a proper ground of action for recovery, and it is error to sustain a demurrer thereto.

**Tort—Actions for Recovery Under.**

     To render a defendant liable for the conduct of others in an action for the wrongful taking of property, it must be shown that there was an active participation in the taking, or that he advised and counselled therein.

APPEAL FROM MARSHALL CIRCUIT COURT.

October 19, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The appellant alleges in the petition that when appellee's horse was taken, those who took him left a horse worth, then seventy-five dollars in possession of appellee which he disposed of, and converted to his own use; this allegation is admitted by the demurrer, and if true all that he could be legally entitled to, even if appellant's son was responsible for the taking, would be the difference between the value of his horse when taken, and of the one left with, and converted by him, and all that he demanded and received over and above that difference, he is in conscience and law, bound to return.

Moreover, if the son of appellant did not actively participate in the taking of appellee's horse, or advise, and counsel the taking of him, he could not be made responsible for the conduct of those who took him; and the money for the price of the horse coerced from appellant by threats of arrest, and imprisonment of the son, should be returned, and as these were facts, which should have been

submitted to a jury, if denied and the issues properly made up by the pleadings, it was erroneous to sustain the demurer to the petition. Wherefore, the judgment is reversed and the cause remanded with directions to overrule the demurrer to the petition. and for further proceedings consistent herewith.

*Palmer,* for appellant.

*Gilbert,* for appellee.